# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKIE STEADY, ESQUIRE,          ) | |
|          ) | |
|          **Plaintiff,**       ) | |
|          ) | |
| **v.**          ) | |
|          ) | **Civil Action No. 05-1585 (RJL)** |
| **DICK CHANEY, Personally,**      ) | |
| **Acting Vice President**      ) | |
|          ) | |
|          **Defendant.**     ) | |

## UNITED STATES' MOTION TO DISMISS

The United States, by counsel and pursuant to Fed. R. Civ. P. 12(b)(1), hereby

respectfully moves this Court for an order dismissing this action in its entirety for lack of subject

matter jurisdiction.  This motion is based on the memorandum in support thereof filed

simultaneously herewith and the entire record in this case.[1]

A proposed order consistent with the relief sought is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
 Counsel for Defendants

---

[1]  The United States has filed simultaneously herewith a Notice of Substitution of the United
States as Defendant in Place of the Individually-Named Federal Defendant under 28 U.S.C. §
2679(d)(1).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACKIE STEADY, ESQUIRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 05-1585 (RJL)** |
| **DICK CHANEY, Personally,** ) | |
| **Acting Vice President** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM IN SUPPORT OF
## UNITED STATES' MOTION TO DISMISS

### INTRODUCTION

Plaintiff Jackie M. Steady, Esquire, *pro se*, has brought this common law tort action

against an individual denominated in the Complaint as "Dick Chaney, personally, acting Vice

President of the United States of America." Complaint at 1. Plaintiff alleges that the defendant

> has engaged herein in, at least, five counts of continuous and statutorily
> uninterrupted defamation of character, inclusive of slander, against Plaintiff's
> essence as a citizen of the United States of America. The counts of the complaint
> are herein defamation, defamation, defamation, defamation and defamation, all
> counts being inclusive of slander.

Id. ¶ 1. The allegations of defamation alleged in the Complaint do not concern specific

statements or activities, but amorphous characterizations that fail to identify the conduct that is

the basis of this civil action:

> [A]t all relevant time throughout, upon information and belief, defendant
> personally defamed plaintiff throughout his personal planning for leadership in
> the United States of America and globally throughout the world by defaming,
> upon information and belief, The President of the United States of America,
> President Kerry because as a voting Democrat in the United States of America,
> Plaintiff's vote was, unanimously negated, thereby breaching all of Plaintiff's
> relevant relations.

<u>Id</u>. ¶ 2.

\*     \*     \*

Upon information and belief, on or about August 2000, Defendant, Dick Chaney, personally issued a defamatory statement regarding The President of the United States, President Kerry, to a D.C. office of the law firm, Morgan and Finnegan, and has therein continuously and statutorily uninterruptedly there through engaged in damage of all relevant relationships of Plaintiff therein because Plaintiff's vote for The President of the United States of America, President Kerry, as a voting Democrat in the United States of America, was, effectively negated and defamatorily resulted in breach of all relevant concerned relations therein, for example, any and all of Plaintiff's relations concerned with Environmental Protection Agency.

<u>Id</u>. ¶ 4

\*     \*     \*

Upon information and belief, on or about the period of at least 2000-2002, Defendant, Dick Chaney, personally engaged in the act of defamatorily presiding over the Senate of the United States of America, and thereby, resultantly, defamatorily presided over every legally entitled representative of every legally participating state in the United States of America of the Senate of the United States of America where The President of the United States of America, President Kerry, was resultantly defamed by such defamatory presentation over the Senate of the United States of America, because upon

<u>Id</u>. ¶ 5.

\*     \*     \*

[O]n or about the period of mid 1999, Dick Chaney personally engaged in the act of defamatorily requiring spelling of the language "empire" as "entire", and resultantly defamed The President of the United States, President Kerry, because of defamatory control of information and resultant defamatory interference with Plaintiff's vote as a Democrat of the United States of America for The President of the United States of America, President Kerry, while requesting a recommendation concerning Plaintiff from management and thereby defamatorily negated the duty of professionalism as a United States Citizen with the same language regarding Plaintiff's, then present, work office located in the Empire State Building in New York, New York, thereby denying further recommendation from higher management because of the defamatory negation of the same in breach of the relevant relationships concerned therein.

2

Id. ¶ 6.

The Complaint alleges that "on or about the period of at least 2005," defendant

engaged in the act of defamatorily presiding over the Senate of the United States of America, and thereby, resultantly, defamatorily presided over every legally entitled representative of every legally participating state in the United States of America of the Senate of the United States of America where The President of the United States of America, President Kerry, was resultantly defamed by such defamatory presentation over the Senate of the United States of America, because upon information and belief, the Senate of the United States of America should of at least experienced Democratic representation in presence thereof, inclusive of Democratic leadership presiding over the same, thereby resulting in a defamatory statement regarding Plaintiff being unavailable for work as a United States Democrat to be issued upon all relevant interview and/or relevant conversation with Plaintiff and wherein said statement impacted all relevant conversation and/or relationship thereof, said statement(s) even being spoken by Plaintiff.

Id. ¶ 7. Finally, plaintiff claims that in or about August 2005,

from a Secretly Superior Soviet Spy of the Soviet Union, defendant, Dick Chaney, knowingly and defamatorily controlled work flow of at least one agency of the United States of America, by failure to acknowledge recommendation to withdraw from office and peacefully invite The President of the United States of America, President Kerry, to actually control all relevant responsibilities and duties of the Office of The President of the United States of America and consequently defamatorily impacted all relevant relations therein of all concerned.

Id. ¶ 8.    Plaintiff describes her injury as

defamation and slander of work, work product, work ethic and reputation, by at least defamation of reputation thereby impacting my Democratic standing as a citizen of the United States of America resultantly from failure to peacefully invite The President of the United States of America, President Kerry, to actually control all responsibilities and duties of the same. Further, incidental and consequential conversation is resultantly defamatory in all relevant relations therein.

Id. ¶ 9. As damages, the Complaint seeks $855 million: $ 1 million "for failure to be morally

brave;" id. ¶ 7 (page 5); $77 million for lost wages, id.; and $777 million "for punitive damages

for failing to allow Plaintiff to have actual control of her essence as a United States citizen and

all relevant relations concerned therein relevant to peaceful invitation to The President of the United States, President Kerry, to have actual control of all responsibilities and duties therein." Id.

This action is thus a money damages claim for the common law tort of defamation allegedly committed by a federal employee.  On November 15, 2005, the Attorney General, through R. Craig Lawrence, Acting Chief, Civil Division, Office of the United States Attorney for the District of Columbia, certified that the individually-named federal defendant in this case was acting within the scope of his employment as a federal employee at the time of the incidents out of which plaintiff's claims in this action arose.  See Notice of Substitution of the United States as Defendant in Place of the Individually-Named Federal Defendant under 28 U.S.C. § 2679(d)(1), filed simultaneously herewith.  Barring an appropriate challenge, that certification operates to substitute the United States of America for the individually-named federal defendant as a matter of law.  See 28 U.S.C. § 2679(d)(1).

As discussed further below, this action is jurisdictionally barred on three independent grounds.  First, plaintiff has failed to comply with the mandatory administrative claim requirement of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA" or "the Act"), the only waiver of sovereign immunity for plaintiff's common law tort claims against the federal government for a recovery of money damages.   That requirement is jurisdictional.  Second, plaintiff's action runs afoul of 28 U.S.C. § 2680(h), barring money damages claims against the United States sounding in defamation   Third, dismissal is required on the basis of a long-recognized doctrine establishing that federal courts are without power to entertain claims if they are so attenuated and unsubstantial as to be absolutely devoid of merit.  On each of these

separate grounds, then, this action must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

## ARGUMENT

I.    **THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS FALL OUTSIDE THE SCOPE OF THE LIMITED WAIVER OF SOVEREIGN IMMUNITY PROVIDED BY THE FEDERAL TORT CLAIMS ACT**

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Hercules Inc. v. United States, 516 US 417, 422-23 (1996) quoting United States v. Testan, 424 U.S. 392, 399 (1976), quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). See also, United States v. Orleans, 425 U.S. 807 (1976); United States v. Testan, 424 U.S. at 399 ("except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction . . . to entertain suits against the United States'") (quoting United States v. Sherwood, 312 U.S. at 587-88).

Where the federal government waives its immunity from suit, "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 160-61 (1981). "[A] waiver of [sovereign] immunity . . . must be 'unequivocally expressed.'" Id. See also United States v. Nordic Village, 503 U.S. 30, 33-34 (1992); United States v. King, 395 U.S. 1, 4 (1969). Such waivers are construed "strictly in favor of the sovereign." Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). See also Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999); United States v. King, 395 U.S. at 4; United States v. Erika, Inc., 456 U.S. 201, 206 n.6 (1982).    Finally, a party bringing suit against the United States bears the burden to prove

5

that the government has unequivocally waived its immunity.  United States v. Sherwood, supra; Interstate Bank Dallas, N.A., v. United States, 769 F.2d 299, 303 (5th Cir. 1985); Cominotto v. United States, 802 F.2d 1127, 1129 (9th Cir. 1986); Cole v. United States, 657 F.2d 107, 109 (7th Cir.), cert. denied, 454 U.S. 1083 (1981).

        The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy, for claims for money damages sounding in tort for injuries to person or property as a result of an act or omission by a federal agency or employee.  28 U.S.C. §§ 1346(b), 2671, 2675.  See, e.g., United States v. Smith, 499 U.S. 160 (1991) (FTCA is the exclusive mode of recovery for the tort of a government employee, "even when the FTCA itself precludes Government liability" or operates to preclude a remedy altogether);  Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997). See also, Mitchell v. Carlson, 896 F.2d 128, 135 (5th Cir. 1990) (it is settled law that "Congress clearly intended the FTCA, with all of its exclusions and limitations, to provide the sole remedy for persons injured by federal employees acting within the scope of their employment").  The Act thus permits suits against the United States subject to those terms and conditions imposed by the statute, which are to be strictly construed.  Garcia v. United States, 776 F.2d 116, 118 (5th Cir. 1985); United States v. Sherwood, 312 U.S. 584 (1941).

**A.    Plaintiff's Suit is Jurisdictionally Barred
Because Plaintiff Has Failed to Comply with the
Administrative Claim Requirement of the FTCA**

One condition of the waiver of sovereign immunity for claims filed pursuant to the FTCA

is satisfaction of the FTCA's presentment requirement, found at 28 U.S.C. § 2675(a).  McNeil v.

United States, 508 U.S. 106 (1993) (FTCA action must be dismissed if an administrative claim is

not first filed with the agency). That statutory provision provides that "[a]n action shall not be

instituted against the United States" for damages caused by the negligent or wrongful act of any

employee of the government "unless the claimant shall have first presented the claim to the

appropriate Federal agency." § 2675(a).  In GAF Corp. v. United States, 818 F.2d 901, 903 (D.C.

Cir. 1987), our Court of Appeals addressed the standard for presentment of tort claims under the

FTCA and held that the statutory presentment requirement in 28 U.S.C. § 2675(a) "requires a

claimant to file (1) a written statement sufficiently describing the injury to enable the agency to

begin its own investigation, and (2) a sum-certain damages claim."  Id. at 919.  The Court

explained that "[n]otice of an injury will enable the agency to investigate and ascertain the

strength of a claim; [and] the sum-certain statement of damages will enable it to determine

whether settlement or negotiations to that end are desirable."  Id. at 920.  Additionally, notice

protects the agency from the expense of needless litigation, affords an opportunity for

investigation, and allows the agency to adjust differences and settle claims without suit.  Id. at

919.  Moreover, our Circuit has held that the subject of the administrative claim submitted

pursuant to section 2675(a) circumscribes, as a matter of law, the scope of a plaintiff's FTCA

suit. See, e.g., Bembenista v. United States, 866 F.2d 493 (D.C. Cir. 1989); see also Bush v.

United States, 703 F.2d 491, 495 (11th Cir. 1983).

Absent full compliance with the conditions placed on the United States' limited waiver of sovereign immunity under the FTCA, including the presentment requirement, this Court lacks jurisdiction to entertain plaintiff's money damages claims against the United States.  <u>GAF Corp. v. United States</u>, 818 F.2d at 904-05 and n. 6.  Plaintiff has failed to allege in her Complaint that she had satisfied this mandatory jurisdictional prerequisite to suit under the FTCA, notwithstanding her legal burden to allege facts demonstrating subject matter jurisdiction over the action, including but not limited to facts demonstrating satisfaction of the jurisdictional administrative claim requirement.  Plaintiff's money damages action against the federal government for the acts or omissions of a federal employee acting within the scope of employment has thus failed to establish subject matter jurisdiction and must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

**B.    Plaintiff's Suit is Jurisdictionally Barred Because Defamation Claims Are Excluded from the FTCA's Waiver of Sovereign Immunity**

The FTCA specifies categories of claims for which the United States has not waived sovereign immunity under the FTCA, and accordingly, over which federal courts do not have jurisdiction.  <u>See</u> 28 U.S.C. § 2680(h) ("section 2680(h) exceptions").  Among the excluded categories of claims are those for libel and slander:

The provisions of this chapter and section 1346(b) of this title shall not apply to
. . .

(h)  Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference with contract rights . . . . . (emphasis added).

28 U.S.C. § 2680(h) (emphasis added).  If the conduct alleged to be tortious falls within the 2680(h) exceptions, the court lacks subject matter jurisdiction over the action.  <u>Dalehite v.</u>

8

United States, 346 U.S. 15, 24 (1953); Jablonski v. United States, 712 F.2d 391, 395 (9th Cir. 1983); Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983); Gibson v. United States, 457 F.2d 1391, 1392 n.1 (3rd Cir. 1972); Konecny v. United States, 388 F.2d 59, 62 (8th Cir. 1967).

The "arising out of" language is broadly construed; the pertinent question is whether the plaintiff's claim is "within the words and reason of the exception." Kosak v. United States, 465 U.S. 848, 853 n.9 (1984). See also United States v. Shearer, 473 U.S. 52 (1985). If the essence of the claim is a libelous or slanderous statement by a government employee, the claim is jurisdictionally barred despite artful pleading designed to avoid "the magic words." Art Metal-U.S.A. v. United States, 753 F.2d 1151 (D.C. Cir. 1985) (government contractor's claim for injurious falsehood barred by 28 U.S.C. § 2680(h) as claim arising out of libel or slander); see also Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) ("both the United States and federal employees acting within the scope of their duties are immune from common law actions for libel and slander"); Metz v. United States, 788 F.2d 1528 (11th Cir.) (barring plaintiff's claim against United States for placing him in false light of public eye and barring his wife's claim for intentional infliction of emotional distress because both arose out of governmental statements constituting slander), cert. denied, 479 U.S. 930 (1986).

Claims covered by the section 2680(h) exceptions are often barred by more than one of the enumerated exceptions, such as libel or slander claims that also allege that the subject defamation caused interference with business interests. See Moessmer v. United States, 760 F.2d 236 (8th Cir. 1985) (former CIA employee's action for negligent maintenance of employment records was barred by both the interference with contract rights exception and the

libel and slander exception where gravamen of complaint was that CIA communicated defamatory material to prospective employer). Insofar as plaintiff here alleges that the subject defamation caused her lost wages, both the defamation and interference-with-contract exceptions would apply to bar the action. In any event, plaintiff's claim in this action is flatly one "arising under" slander. See Complaint ¶ 1 ("The counts of the complaint are herein defamation, defamation, defamation, defamation and defamation, all counts being inclusive of slander). For this reason, the action is jurisdictionally barred under 28 U.S.C. § 2680(h), and is subject to dismissal as a matter of law pursuant to Fed. R. Civ. P. 12(b)(1).

**II.    IN ANY EVENT, THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION BECAUSE IT IS SO ATTENUATED AND UNSUBSTANTIAL AS TO BE ABSOLUTELY DEVOID OF MERIT**

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536 (1974). Our Court of Appeals has held that dismissal is appropriate, even *sua sponte*, where a plaintiff's claims are "patently insubstantial," where the plaintiff espouses a bizarre conspiracy theory, or where the plaintiff cannot possibly win relief. See Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) ("[p]atently frivolous" claims include those premised on "bizarre conspiracy theories," "fantastic government manipulations of the[] will or mind," or "any sort of supernatural invention"; characterizing as frivolous a complaint alleging that a secret branch of the federal government took plaintiff's face off his head, went into his skull, and placed a computer chip and camera system there to project images in front of him); see also Chambers v. Gesell, 120 F.R.D. 1, 2-3 (D.D.C. 1988). A court may dismiss a patently frivolous claim for lack of subject matter jurisdiction. Hilska v. Jones, 297 F. Supp. 2d 82, 87

10

(D.D.C. 2003).

In this case, the allegations of the Complaint are "so . . . unsubstantial as to be absolutely devoid of merit." <u>Hagans v. Lavine</u>, 415 U.S. at 536.  Moreover, the Complaint is devoid of specific information regarding identifiable events, dates, locations or individuals involved with respect to the matters that are alleged as the basis of the action.   On this basis, the action must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, this action should be dismissed.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____

R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____

LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on November 15, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jackie Steady
1021 Cape May Avenue
Cape May, NJ   08204

               _____

               LISA S. GOLDFLUSS
               Assistant United States Attorney