# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JACKIE STEADY, ESQUIRE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DICK CHANEY, Personally,** )<br>**Acting Vice President** )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1585 (RJL) |

## NOTICE OF SUBSTITUTION OF THE UNITED STATES AS DEFENDANT
## IN PLACE OF THE INDIVIDUALLY-NAMED FEDERAL DEFENDANT
## UNDER 28 U.S.C. § 2679(d)(1).

The United States, by counsel and pursuant to 28 U.S.C. § 2679(d)(1), hereby respectfully notices the substitution of the United States as defendant in this action in place of the individually-named federal defendant denominated in the Complaint as "Dick Chaney, personally, acting Vice President of the United States of America." Complaint at 1. This Notice is based on the certification of scope of employment executed by R. Craig Lawrence, attached hereto.[1]

Plaintiff Jackie M. Steady, Esquire, *pro se*, has brought this common law tort action against an individual denominated in the Complaint as "Dick Chaney, personally, acting Vice President of the United States of America." Complaint at 1. "The counts of the complaint are herein defamation, defamation, defamation, defamation and defamation, all counts being inclusive of slander." Complaint ¶ 1. Plaintiff seeks damages in the amount of $855 million.

---

[1] The United States has filed simultaneously herewith a motion to dismiss this action in its entirety under Fed. R. Civ. P. 12(b)(1).

Complaint ¶ 7 (page 5).  The action is thus a money damages claim for common law torts against a federal employee.

The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy, for claims for money damages sounding in tort for injuries to person or property as a result of an act or omission by a federal agency or employee.  28 U.S.C. §§ 1346(b), 2671, 2675.  See, e.g., United States v. Smith, 499 U.S. 160 (1991) (FTCA is the exclusive mode of recovery for the tort of a government employee, "even when the FTCA itself precludes Government liability" or operates to preclude a remedy altogether); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997).  See also, Mitchell v. Carlson, 896 F.2d 128, 135 (5th Cir. 1990) (it is settled law that "Congress clearly intended the FTCA, with all of its exclusions and limitations, to provide the sole remedy for persons injured by federal employees acting within the scope of their employment").  The Act thus permits suits against the United States subject to those terms and conditions imposed by the statute, which are to be strictly construed.  Garcia v. United States, 776 F.2d 116, 118 (5th Cir. 1985); United States v. Sherwood, 312 U.S. 584 (1941).

The Act authorizes suits against the "United States" in its name only; federal employees acting within the scope of employment cannot be sued personally for their allegedly tortious conduct.  28 U.S.C. § 2679(b)(1) (remedies under FTCA exclude actions against implicated federal employee).   In cases in which a federal employee has been sued for conduct within the scope of his or her federal employment constituting an alleged common law tort, the FTCA provides a mechanism whereby the Attorney General may certify that the federal employee was acting within the scope of employment.  Upon this certification, the United States is substituted as defendant:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

The United States Attorney for the District of Columbia has been authorized by the Attorney General to certify employees pursuant to 28 U.S.C. § 2679(d).  See 28 C.F.R. § 15.3.  That authority has been, in turn, re-delegated to R. Craig Lawrence, Chief, Civil Division, Office of the United States Attorney for the District of Columbia.  See Certification, dated November 14, 2005, executed by R. Craig Lawrence, Chief, Civil Division, Office of the United States Attorney for the District of Columbia (copy attached hereto).  Mr. Lawrence has certified that the individually-named federal defendant in this case was acting "within the scope of his employment as an employee of the United States" at the time of the alleged incidents that form the basis of the complaint in this action.  Id.  Absent an appropriate challenge from plaintiff, substitution of the United States as defendant in place of the individual federal defendant is now

automatic by operation of law under 28 U.S.C. § 2679(d)(1).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
LISA S. GOLDFLUSS, D.C. Bar #417787
Assistant United States Attorney
555 4th Street, N.W.,  Tenth Fl.
Washington, D.C.  20530
(202) 514-7198
Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on November 15, 2005, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Jackie Steady
1021 Cape May Avenue
Cape May, NJ   08204

                                                  _____
                                                  LISA S. GOLDFLUSS
                                                  Assistant United States Attorney